UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LUCINDA CHRISTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-306-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ALTAIR PHARMACEUTICALS, INC., | ) | |
| AMAZON RETAIL, LLC, and | ) | **MEMORANDUM ORDER** |
| AMAZON.COM SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Lucinda Christian filed a motion for leave to file a second amended complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure. [Record No. 9] This action was originally filed in Kentucky state court and removed to this Court by the defendants on July 14, 2020. [Record No. 1] Christian explains that her complaint was intended to meet the pleading standards of Kentucky state courts. She seeks leave to conform the complaint to the pleading standard of *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556 (2007). [Record No. 9] The motion is unopposed by Amazon Retail, LLC, and Amazon.com Services, LLC, although the third defendant, Altair Pharmaceuticals, Inc. has not appeared in this action. [Record No. 11]

The Court should freely grant leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, there is no apparent bad faith, nor has Christian made repeated requests to amend. Christian originally filed in a different court, and justice necessarily requires that she be allowed to amend her pleading to properly state a cause of action in this Court. An amendment at this early stage would not lead to unnecessary delay or undue prejudice. Accordingly, the Court will allow the plaintiff to file an amended complaint.

An amended pleading typically supersedes the original; thus, the filing of an amended complaint generally moots a motion to dismiss. *See Hayward v. Cleveland Clinic Found*., 759 F.3d. 601, 617 (6th Cir. 2014); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991); *see also* 6 C. Wright & Miller, Federal Practice & Procedure, § 1476, (2d. ed. 1990 & Supp. 2001). Therefore, the defendants' pending motion to dismiss will be denied, as moot, but the defendants are free to re-file the motion to dismiss in light of the amended complaint.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1. The plaintiff's motion for leave to amend [Record No. 9] is **GRANTED**. The Clerk is directed to filed the First Amended Complaint [Record No. 9-3] previously tendered.

2. The defendants' pending motion to dismiss the original complaint [Record No. 5] is **DENIED**, as moot.

-3-

Dated: August 14, 2020.

                                                    Danny C. Reeves, Chief Judge
                                                    United States District Court
                                                    Eastern District of Kentucky