UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| LUCINDA CHRISTIAN, | ) |
| Plaintiff, | ) Civil Action No. 5: 20-306-DCR |
| V. | ) |
| ALTAIRE PHARMACEUTICALS, INC., et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Lucinda Christian has moved the Court to reconsider its October 13, 2020, Memorandum Opinion and Order denying leave to file a Second Amended Complaint and granting defendants' motions to dismiss. [Record No. 22] In doing so, she repeatedly attempts to bend the facts in the record and the Federal Rules of Civil Procedure to fit her interests. Because neither are so flexible, her motion will be denied. Additionally, Defendants Amazon Retail, LLC, and Amazon.com Services, LLC's[1] uncontested motion for judgment on the pleadings [Record No. 24] will be granted.

**I.**

Christian brought this products liability action against Altaire Pharmaceuticals, Inc. ("Altaire") and Amazon in state court, alleging that ActivEyes Nighttime Lubricant Eye Ointment caused her permanent eye injury. Amazon removed the action to this Court and filed a motion to dismiss. [Record Nos. 1, 5] Christian was then given the opportunity to file her

---

[1] These defendants will be referred to collectively as "Amazon."

First Amended Complaint. [Record Nos. 12, 13] Altaire and Amazon responded with motions to dismiss, and Christian then submitted a motion for leave to file a Second Amended Complaint. [Record Nos. 15, 16, 17]

The Court denied Christian's motion for leave to amend, finding that her proposed complaint could not survive a Rule 12(b)(6) motion to dismiss. [Record No. 20] For the same reasons, it granted Altaire and Amazon's motions to dismiss. [*Id.*] The Memorandum Opinion and Order left one claim pending: Christian's strict liability claim against Amazon. Christian has now filed a motion to reconsider the dismissal of her claims against Altaire and the denial of leave to amend.[2] [Record No. 22]

Beyond a cursory reference to "F.R.C.P. 59 and/or 60" in her reply brief [Record No. 29, p. 1], Christian has not indicated what standard applies to her motions. Altaire and Amazon, however, suggest treating her filing as a motion under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. [Record Nos. 27, 28] Because it left "unresolved pending claims," the Court's October 13, 2020, Memorandum Opinion and Order was not a "final order or judgment." *Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015) (citing *Davey v. St. John Health*, 297 F. App'x 466, 469 (6th Cir. 2008)). Accordingly, neither Rule 59(e) nor Rule 60(b) "provides an appropriate means to challenge" the Court's determinations. *Id.*

---

[2] Christian has styled her motion as a "Renewed Motion to File Second Amended Complaint." [Record No. 22] However, it consists of four sentences, which in substance ask the Court to reconsider its previous ruling. Accordingly, it will be evaluated as a motion for reconsideration.

Rather, Christian's motion must be construed as one brought under Rule 54(b), which gives district courts the "inherent authority . . . to reconsider interlocutory orders and re-open any part of a case prior to the entry of final judgment." *Id.* (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Under Rule 54(b), reconsideration is appropriate only if "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959.

Christian's original motion does not argue that any of the factors supporting reconsideration apply. Instead, it reiterates facts and arguments from prior filings and devotes significant space to a Warning Letter from the Federal Drug Administration ("FDA"). [Record No. 22, pp. 2–4] That letter, dated March 12, 2020, addresses an inspection that took place from March 25 to April 19, 2019. [Record No. 22-1] In reply, after being confronted with caselaw regarding motions for reconsideration, Christian notes that these records are "newly discovered evidence and the substance thereof justifies relief from the dismissal." [Record No. 29, p. 2] In support, Christian asserts that the Court "did its own investigation," [Record No. 29, p. 2] and "performed a deeper analysis into the public record," [Record No. 22, p. 2] which in turn allows her to do the same.

Christian is mistaken on multiple fronts. First, she overstates the Court's consideration of the actual text of the relevant voluntary recall notice. The Court took judicial notice of that record for one reason: it directly contradicted Christian's pleadings. Christian's proposed Second Amended Complaint includes an inaccurate date and exaggerates the actual content of the notice. [*See* Record 1-3, ¶ 6.] That places Christian in a precarious position because, when

a party misrepresents relevant facts, the Court need not accept them as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Here, the Court was forced to look outside Christian's pleadings to reach a ruling that was fair to all parties. Rather than "welcome[] that analysis," [Record No. 22, p. 2], Christian should consider making truthful representations in the first instance.

Second, this Court's reliance on the actual FDA notice does not offer any support for Christian's motion for reconsideration. Christian must show that reconsideration is appropriate because there is "new evidence available." *Rodriguez*, 89 F. App'x at 959. However, she does not argue that the evidence she cites was unavailable to her prior to the Court's ruling. Unfortunately for Christian, the fact that counsel only recently performed "further analysis" of FDA records [Record No. 29, p. 2], does not mean the March 12, 2020, warning letter is newly available evidence. This information does not warrant reconsideration under Rule 54(b).

Christian's request for reconsideration of the denial of leave to amend is also without merit. For the third time, Christian asks the Court to allow her to amend her Complaint for one reason: her action was originally brought in state court. According to her, she "has not yet been afforded the opportunity to amend her Complaint," and her proposed "Second Amended Complaint would be the first filed in this federal court." [Record No. 29, p. 3] Therefore, she argues, the Court must allow her to bring her pleadings into compliance with federal pleading standards. [*Id.*]

This is a false statement.[3]  Christian *was* given the opportunity to amend her Complaint after removal.  [Record Nos. 12, 13]  But when both her amended Complaint *and* her proposed Second Amended Complaint failed to comply with federal pleading standards, she was denied leave to amend and claims were appropriately dismissed.  [Record No. 20]  Now, rather than offering reasons for the Court to reconsider its ruling on her motion for leave to amend, Christian relies exclusively on falsehoods and previously rejected arguments.  In addition to the continued futility of amendment, Christian has shown both "bad faith" and "repeated failures to cure deficiencies."  *Forman v. Davis*, 371 U.S. 178, 182 (1962).  In such circumstances, justice does not require a grant of leave to amend.  *See* Fed. R. Civ. P. 15(a); *Forman*, 371 U.S. at 182.

### II.

Finally, Amazon has filed a motion for judgment on the pleadings as to Christian's remaining strict liability claims.  [Record No. 24] Amazon argues that the reasoning in the Court's October 13, 2020, Memorandum Opinion and Order applies with equal force to the remaining claim.  [*Id.*]  Christian stated in response that she has "no objection" to the motion and that she "concedes to dismissal under FRCP 41(a)(2)."  [Record No. 25]

Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The Court will not construe Christian's concession, and citation to Rule 41—buried in the response brief

---

[3] The Court declines to determine whether this is the result of an intentional misstatement or an unintentional oversight, but counsel is reminded of his duty to ensure that "factual contentions have evidentiary support."  Fed. R. Civ. P. 11(b)(3).

to a pending dispositive motion—as a motion for voluntary dismissal. Instead, the Court will address Amazon's motion on the merits.

Christian's pending strict liability claims against Amazon suffer the same deficiencies as her dismissed claims against Altaire. Products liability allegations which "simply rely on their basic injury allegations and argue that the product was somehow defective because it was 'dangerous'" are insufficient. *Vanden Bosch v. Bayer Pharms., Inc.*, 13 F. Supp. 3d 730, 742 (W.D. Ky. 2014). Because she has done just that, Christian fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, Amazon is entitled to judgment on the pleadings.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. Plaintiff Lucinda Christian's motion for reconsideration and renewed motion for leave to file a second amended complaint [Record No. 22] are **DENIED**.

2. Defendant Amazon's motion for judgment on the pleadings [Record No. 24] is **GRANTED**.

3. Plaintiff Christian's strict liability claims against Defendant Amazon are **DISMISSED** with prejudice.

4. This matter is **DISMISSED** and **STRICKEN** from the docket.

5. The deadlines set forth in the Order for Meeting and Report [Record No. 21] are **VACATED**.

-7-

Dated: November 25, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky